UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MARK SAWYER, an individual,<br><br>                 Plaintiff,<br><br>v.<br><br>IBEW LOCAL 569,<br><br>                 Defendant. | Case No.: 3:20-cv-01898-BEN-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND**<br><br>**(2) DENYING MOTION TO AMEND**<br><br>**[ECF Nos. 3, 4, 9]** |

     Plaintiff Daniel Mark Sawyer is suing his labor union, Defendant IBEW Local 569 ("Local 569"), for public disclosure of private facts, false light, negligence, and defamation. *See generally* Compl., ECF No. 1-2.  Local 569 removed the matter to this Court on September 23, 2020, ECF No. 1, and thereafter filed a Motion to Dismiss, ECF No. 3.  Sawyer filed a Motion to Remand, ECF No. 4, and Local 569 has since filed a Motion to Amend/Correct the Notice of Removal, ECF No. 9.  Local 569 attached its Proposed Amended Notice of Removal to its Motion to Amend/Correct.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Motion to Remand, **DENIES** Motion to Amend/Correct the Notice of Removal, and declines to decide the Motion to Dismiss as set forth below.

1

## I. BACKGROUND[1]

In October 2014, Sawyer began an apprenticeship program that led to his membership in Local 569. ECF No. 1-2, ¶¶ 11-12. On November 26, 2018, Sawyer left his workplace because he was being harassed and left his home in San Diego, California to visit relatives on the East Coast. *Id*. at ¶ 12. While in Colorado, he suffered burns to a large part of his body and was admitted to a burn unit at a local hospital. *Id*.

Two weeks later, a social worker from the hospital informed Local 569's Business Manager that Sawyer had been admitted to the burn unit and was in stable condition. ECF No. 1-2, ¶ 13. Sawyer alleges that thereafter, Local 569 published a story to others that Sawyer was high on drugs at work, left work running from people, was involved in a car crash, and was admitted to the hospital. *Id*. at ¶ 15.

On August 10, 2020, Sawyer filed a Complaint against Local 569 in the San Diego Superior Court for the State of California alleging claims of public disclosure of private facts, false light, negligence, and defamation. *See generally* ECF No. 1-2. Local 569 removed Sawyer's case to this Court, initially arguing "[a]ny action to enforce a union's duty of fair representation arises 'under § 301 of the Labor Management Relations Act [("Section 301")] and is a case controlled by federal law.'" Notice of Removal, ECF No. 1, 4 (quoting *Humphrey v. Moore*, 375 U.S. 335, 343-44 (1964)). Local 569 later conceded Section 301 was not a proper basis for removal. Mot. to Amend, ECF No. 9-1, 3. In its Proposed Amended Notice of Removal, Local 569 instead argues the appropriate basis for removal is Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) ("Section 9(a)"). Amended Notice of Removal, ECF No. 9-2, 3. Because Local 569 abandoned its earlier basis for removal, the Court only addresses Local 569's Section 9(a) arguments put forward in its Motion to Amend/Correct the Notice of Removal.

---

[1] The following overview of the facts is drawn from Sawyer's Complaint, ECF No. 1-2, which the Court assumes true in analyzing IBEW's Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

## II. LEGAL STANDARD

Federal courts have limited jurisdiction. *Gould v. Mutual Life Ins. Co. v. N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). As such, the Court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 93-94 (1998). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

In circumstances where a defendant's removal of the action is objectively unreasonable, the Court may award attorney's fees under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005).

## III. ANALYSIS

### A. *Motion to Remand*

Local 569 argues only that Sawyer's negligence claim provides a basis for removal. Specifically, it contends Section 9(a) preempts Sawyer's negligence claim because the claim alleges Local 569 owed Sawyer "a heightened duty of care by virtue of its status under federal labor law as his exclusive collective bargaining representative." ECF No. 9-1, 1-2. Sawyer argues the matter should be remanded because his claims against Local 569 involve state law claims that arise out of California law, not federal labor law. Mot., ECF No. 4, 2. In support, Sawyer cites to *Saenz v. Kaiser Permanente Int'l*, in which the court remanded a similar action after finding the plaintiff's claims did not turn on the labor union's position as her exclusive bargaining agent. Case No. C 09-5562 PJH, 2010 U.S. Dist. LEXIS 21246, at *15-16 (N.D. Cal. Feb. 19, 2010).

Section 9(a) imposes a duty of fair representation on labor organizations. *See* 29 U.S.C. § 159(a); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). "Generally, the statutory duty of fair representation requires a union (and its designated agents) to represent all union members and to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid

arbitrary conduct." *Saenz*, 2010 U.S. Dist. LEXIS 21246, at *14 (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 75-76 (1991)). "The federal statutory duty which unions owe their members to represent them fairly has been held to displace and preempt state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative." *Id*. (citing *Adkins v. Mireles*, 526 F.3d 531, 539-40 (9th Cir. 2008)). However, like *Saenz*, this case does not implicate the duty of fair representation.

In *Saenz*, the plaintiff alleged her union committed various state law negligence and privacy torts by failing to adequately safeguard her personal information. *Saenz*, 2010 U.S. Dist. LEXIS 21246, at *3-4. The union's conduct allegedly caused the plaintiff to suffer damages from identity theft when her personal information was stolen. *Id*. at *5. In addressing the union's argument that the plaintiff's claims invoked the duty of fair representation, the court observed "the 'duties' that plaintiff claims were violated stem—not from the union's duty to fairly represent her—but rather from the statutory, constitutional, and common law duties that guarantee plaintiff's right to privacy in the maintenance of her personal information." *Id*. at *16. Because the claims did not involve the duty of fair representation, the court remanded the case. *Id*. at *16-17.

Local 569 does not attempt to distinguish *Saenz*, and any attempt would be futile on the facts alleged. Moreover, Local 569's cited authority does not require a different conclusion. In *Richardson v. United Steelworkers*, the court found federal question jurisdiction exists when a complaint, "though garbled in state-law raiment, sufficiently asserts a claim implicating a duty of fair representation." 864 F. 2d 1162, 1169-70 (5th Cir. 1989). But *Richardson* involved allegations that the union defendant failed to properly advise the plaintiffs of the consequences of going on strike, including the possibility they would be replaced by new employees. *Id*. at 1164. That alleged inaction clearly relates to the union's role as the employee's bargaining representative. Not so here, where Sawyer's claims fall outside Local 569's duty of fair representation and instead stem from privacy rights created by California law. Because there is no basis for

4

the Court's jurisdiction of these claims, Sawyer's Motion to Remand is granted.

## B. *Attorney's Fees*

Having concluded the case should be remanded, the Court turns to Sawyer's request for attorney's fees related to his Motion to Remand. As noted above, where a defendant's removal of the action is objectively unreasonable, the Court may award attorney's fees under 28 U.S.C. § 1447(c) ("Section 1447(c)"). *Martin*, 546 U.S. at 140-41. Moreover, a district court maintains jurisdiction after remand to enter an award of fees and costs under Section 1447(c). *See Cavanaugh v. Cty. of San Diego*, Case No. 18-cv-2557-BEN-LL, 2019 WL 3202238, at *2, n. 3 (S.D. Cal. Jul 16, 2019) (citing *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits."))

While the appropriateness of fee-shifting is left to the discretion of the Court in this instance, the Court must be mindful of Congressional intent. The Court finds that Local 569's removal was not objectively baseless, but instead, was based on a reasonable (though incorrect) interpretation of Sawyer's negligence claim. Accordingly, the Court declines to award attorney's fees associated with Sawyer's Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 4, is **GRANTED**. In view of the foregoing, the Court declines to consider the merits of the pending Motion to Dismiss. ECF No. 3. Because the jurisdictional deficiency would not be cured by amendment, Defendant's Motion to Amend/Correct the Notice of Removal, ECF No. 9, is **DENIED**.

IT IS SO ORDERED.

Date: February 11, 2021

HON. ROGER T. BENITEZ
United States District Judge

5

3:20-cv-01898-BEN-WVG